**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In Re:**

**DOW CORNING CORPORATION,**

    **Reorganized Debtor.**

**Case No. 00-mc-00001**
**Litigation Facility Matter**

_____

**Terrie Clark-Rubin,**

    **Plaintiff,**

**v.**

**DCC Litigation Facility Incorporated,**

    **Defendant.**

**Case No. 05-CV-30293**

**Honorable Denise Page Hood**

_____/

**MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND/FACTS**[1]

Defendant Dow Corning Corporation Litigation Facility ("Litigation Facility") filed the instant motion for summary judgment claiming that it is entitled to summary judgment because Dow Corning did not manufacture Plaintiff Terrie Clark-Rubin's cochlear implant and that the statute of limitations has run on Ms. Clark Rubin's claim. To date, no response to the motion has been filed by Ms. Clark Rubin. Plaintiffs' Liaison Counsel submitted a response to the Litigation Facility's motion for summary judgment. A hearing was held on the matter. No one appeared on behalf of Ms. Clark-Rubin but the Liaison Counsel argued against summary judgment.

Ms. Clark-Rubin responded in her Claimant Questionnaire that she was implanted with an

---

[1] The following published opinions provide a detailed history of this bankruptcy action: *In re Dow Corning Corp.,* 255 B.R. 445 (E.D. Mich. 2000), 86 F.3d 482 (6th Cir. 1996), 113 F.3d 565 (6th Cir. 1997), 280 F.3d 648 (6th Cir. 2002), and 456 F.3d 668 (6th Cir. 2006).

"experimental totally implant cochlear listening broadcasting tracking devices/implants" around March 12, 1974. (2/28/05 Questionnaire, p. 29) She claims the cochlear implant was manufactured by Dow Corning. (*Id.*) Ms. Clark-Rubin submitted no documents identifying the manufacturer of the implants she received. (4/15/05 Questionnaire, p. 27) She indicates in her April 15, 2005 Questionnaire that she does not know the product name of the implant, and, as to the manufacturer of the implant, she writes "Don't Know if 3M (?) or DC." (*Id.*, p. 33)

The Litigation Facility submitted the affidavit of James Curtis, the Technology Leader, Medical Device Operations for Dow Corning. Mr. Curtis states that he has worked for Dow Corning for over 19 years and has helped in developing a number of Dow Corning plastic surgery devices, including the SILASTIC MSI line of breast implants and tissue expanders. (Curtis Aff., ¶¶ 3-4) Mr. Curtis further states that based on his own personal knowledge and historical company records, Dow Corning did not manufacture cochlear implants or make them available as part of its silicone medical device product lines. (Curtis Aff., ¶ 8) Mr. Curtis admits that Dow Corning manufactured certain "ear implants" as part of its standard product line as well as on a custom or special order basis, including artificial ear drums, ear drum prostheses, ear prosthesis U-tubes, and ear drains. (Curtis Aff., ¶ 9) These devices were designed for ear drainage or to replace the ear drum, which is part of the middle ear, not the inner ear where the cochlea is located. (*Id.*) Mr. Curtis opines that none of these devices fit the definition of a cochlear implant. (*Id.*) Mr. Curtis states that 3M manufactured and sold cochlear implants and purchased SILASTIC Medical Grade Tubing and SILASTIC Medical Adhesive Sealant Type A from Dow Corning for use in the 3M cochlear implants. (Curtis Aff., ¶ 10) Mr. Curtis indicates that Dow Corning first sold the SILASTIC Medical Grade Tubing to 3M in 1976 and the SILASTIC Medical Adhesive Sealant Type A to 3M in 1975. (Curtis Aff.,

¶ 11) Mr. Curtis supplemented his affidavit stating that there is no evidence in Dow Corning's records that shows it manufactured any custom or special order cochlear implants from 1966 into the 1990's. (Curtis Supp. Aff., ¶ 2)

The Litigation Facility argues that Ms. Clark-Rubin did not submit any evidence to support her claim that Dow Corning manufactured the cochlear implant placed in Ms. Clark-Rubin's ear and there is no evidence to support such a claim. The Litigation Facility submitted evidence that it did not provide any silicone materials to 3M until after Ms. Clark-Rubin was implanted in March 1974.

## II. ANALYSIS

### A. Summary Judgment Standard of Review

Rule 56(c) provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.     Product Identification

The Litigation Facility argues that Ms. Clark-Rubin submitted no facts to establish that Dow Corning manufactured the cochlear implant placed in her ear. Ms. Clark-Rubin did not file a response to the motion but the Plaintiffs' Liaison Counsel argues this matter should proceed to discovery.

"The threshold requirement of any products liability action is identification of the injury-causing product and its manufacturer." *Roberts v. Owens Corning Fiberglas Corp.,* 726 F. Supp. 172, 174 (W.D. Mich. 1989) (citing *Abel v. Eli Lilly & Co.,* 418 Mich. 311, 324 (1984)). In a product liability action, a plaintiff bears the ultimate burden of proving causation. A defendant is entitled to summary judgment unless a plaintiff can point to evidence to allow a reasonable jury to find that a product or material made by the defendant caused plaintiff's injury. *Roberts,* 726 F. Supp. at 173-74. In the absence of adequate product identification, there can be no proof of causation and summary judgment should be granted. *Id.* at 174.

Other than her statement that Dow Corning manufactured the cochlear implant placed in her ear, Ms. Clark-Rubin has not shown in any of her responses to the Questionnaires, nor did she submit any medical records to support her claim, that Dow Corning manufactured or provided any components used in the manufacture of her cochlear implant. Ms. Clark-Rubin's subsequent responses to the Questionnaire indicate she does not know who manufactured the cochlear implant.

4

The Plaintiffs' Liaison Counsel argues that discovery should proceed on the issue of whether Dow Corning manufactured cochlear implants or whether Dow Corning provided materials to 3M used in 3M's cochlear implants. The Plaintiffs' Liaison Counsel submitted the affidavit of Jeff Condra, Senior Office Counsel of Plaintiffs' Liaison Counsel Office in Birmingham, Alabama. Mr. Condra indicates that the majority of the records in the depository, established for the Multi-District Litigation Breast Implant cases, are related to breast implants. Mr. Condra states that the depository is not a reliable source for comprehensive documentation on the research, development, and marketing of non-breast prosthetic devices such as the cochlear implant. (Condra Aff., ¶ 6)

The Sixth Circuit, in analyzing the absence of a record of an event that would ordinarily be documented in official records, stated that where there is evidence in conflict and where the evidence on one side is more persuasive, the court's function when deciding motions for summary judgment is "not [it]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Wiley v. United States,* 20 F.3d 222, 228-29 (6th Cir. 1994)(quotation omitted). In this case, there is no evidence challenging Mr. Curtis' affidavit that Dow Corning did not manufacture cochlear implants. Ms. Clark-Rubin did not submit any evidence supporting her claim that Dow Corning manufactured the cochlear implants or that Dow Corning provided any materials used in the 3M cochlear implants at the time Ms. Clark-Rubin was implanted. The Litigation Facility submitted sufficient evidence showing that Dow Corning did not manufacture the cochlear implant placed in Ms. Clark-Rubin's ear. The Litigation Facility also submitted sufficient evidence showing that it did not supply any of the components used in the 3M cochlear implants until after Ms. Clark-Rubin was implanted in 1974. The evidence is unrefuted. There is no genuine issue of material fact upon which reasonable minds could differ. The Litigation Facility is

5

entitled to summary judgment on Ms. Clark-Rubin's cochlear implant claim.

Because the Court finds Ms. Clark-Rubin cannot meet an essential element of her claim–product identification of the cochlear implant, the Court need not address the Litigation Facility's alternative argument that Ms. Clark-Rubin's claim is barred by the statute of limitations.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Litigation Facility's Motion for Summary Judgment against Terrie Clark-Rubin **(Case No. 00-00001, Docket No. 53, filed October 21, 2005)** is GRANTED.

IT IS FURTHER ORDERED that Ms. Clark-Rubin's claim and action **(Case No. 05-30293)** is DISMISSED with prejudice.

                                */s/ Denise Page Hood*
                                DENISE PAGE HOOD
                                United States District Judge

DATED: March 3, 2010

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 3, 2010, by electronic means and/or first class U.S. mail.

                                S/Sakne Srour
                                Deputy Clerk